

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1880
Re: Whether the tax assessor-collector
is entitled to 5% commission re-
ferred to in Article 7331 on
delinquent real estate taxes
collected from the 1939 tax roll
during the period February 1 to
June 30.

This department has fully considered your request
for an opinion as contained in your letter of January 23, 1940,
inquiring as to the applicability of Article 7331, Revised
Civil Statutes of 1925, to certain delinquent tax collections
under the provisions of Article 7336, Vernon's Annotated Civil
Statutes, as amended by Senate Bill No. 402, Acts 1939, 46th
Legislature.

You call our attention to various provisions of
Senate Bill No. 408. We only set forth herein those which
we deem material to your question. The last paragraph of
your letter succinctly states the subject of your inquiry:

"Due to the fact that Article 7331, in pro-
viding for the five per cent commission on delin-
quent real estate taxes also refers to the perfor-
mance of the Tax Assessor-collector's duties where
no compensation is otherwise provided, and the
duties heretofore referred to cannot be performed
until after June 30 each year, we shall ask that
you advise this department whether or not the Tax-
Assessor-collector will be entitled to the five per
cent commission referred to in Article 7331 on de-
linquent real estate taxes collected from the 1939
tax roll during the period February 1 to June 30."

Hon. Geo. H. Sheppard, Page 2

Section (b), Article 7336, Vernon's Annotated Civil Statutes, reads in part as follows:

"All poll taxes and all ad valorem taxes, unless one-half (½) thereof have been paid on or before November thirtieth as hereinabove provided, shall become delinquent if not paid prior to February first of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts..."

Section (e), Article 7336, in part, provides:

"The Assessor and Collector of Taxes shall, as of the first day of July of each year for which any State, county and district taxes for the preceding year remain unpaid, make up a list of the lands and lots and/or property on which any taxes for such preceding year are delinquent, charging against the same all unpaid taxes assessed against the owner thereof on the rolls of said year.

"Penalties, interest and costs accrued against any land, lots and/or property need not be entered by the Assessor and Collector of Taxes on said list, but in each and every instance all such penalties, interest and costs shall be and remain a statutory charge with the same force and effect as if entered on said list, and the Assessor and Collector of Taxes shall calculate and charge all such penalties, interest and costs on all delinquent tax statements or delinquent tax receipts issued by him.

"Said list shall be made in triplicate and presented to the Commissioners' Court for examination and correction, and after being so examined and corrected said list in triplicate shall be approved by said Court. One copy thereof shall be filed with the County Clerk or Auditor, one copy retained and filed by the Assessor and Collector of Taxes, and one copy forwarded to the Comptroller with the annual settlement report of the Assessor and Collector of Taxes..."

Article 7331, Vernon's Annotated Civil Statutes, in so far as material, provides:

Hon. Geo. H. Sheppard, Page 3

"... For the collection of delinquent taxes on real estate and for performing all duties relating to such taxes for which no other compensation is otherwise provided, the tax collector shall receive five per cent of all delinquent taxes collected by him."

Article 7331, containing the above-quoted provision, is an amendment of Section 2 of the 1923 Act, Third Called Session, 38th Legislature, Chapter 21, containing the following provisions relative to the five per cent commission in question:

"... For issuing notices to taxpayers, furnishing copies to the county, district or delinquent tax attorneys, issuing statements in regard to particular tracts of land required by this Act, preparing and issuing cancellations, calculating and preparing and crediting redemptions, posting Comptroller's redemption numbers on the delinquent record, mailing certificates of redemption to taxpayers after approval by the Comptroller, the tax collector shall receive five per cent of all delinquent taxes collected by him, which, together with the five cents per line compensation for compiling the delinquent record as above provided shall be accounted for as fees of office, and shall not be retained by such tax collectors so as to increase maximum compensation now allowed by law for such respective office."

Effective along with the foregoing provisions, the 38th Legislature during the Second Called Session, enacted Chapter 13 which provided that the tax collector shall, on the 31st day of March of each year for which the State and county taxes for the preceding year remain unpaid, make up a list of the lands and lots on which the taxes for such preceding years are delinquent. This list was to be made in triplicate with one copy forwarded to the Comptroller along with the tax collector's annual settlement reports.

It will be noted that the principal duties provided in the 1923 Act of the 38th Legislature and for which the 5% commission was allowed, could only be performed after the delinquent record is compiled by the tax collector as required (See Art. 7325, Acts 1923, 2nd C. S., Ch. 13) to be approved by the commissioners' court, and a duplicate of which "has been filed in the office of the Comptroller and which has or may be approved by the Comptroller."

The above-mentioned provisions of the Acts of 1923, 38th Legislature are to be found incorporated in the Revised

Hon. Geo. H. Sheppard, Page 4

Civil Statutes of Texas, 1925, as Articles 7324, 7325, 7331 and 7336. Although the several duties provided to be performed by the tax collector are now found in Article 7324, Vernon's Annotated Civil Statutes, it is evident that the character of duties for earning this compensation of five per cent for the collection of delinquent taxes was not changed with the amendment of Article 7331 by the 41st Legislature, 4th Called Session, wherein said article now in effect omits such duties but provides that the five per cent commission shall be allowed "for performing all duties relating to such taxes for which no compensation is otherwise provided." Such provision directly refers to such statutory duties found elsewhere, being the same as formerly included in the 1923 Acts, Art. 7331, R.C.S., 1925.

Such a question as presented in your request could not arise during the period preceding the present amendment of Article 7336 by the 46th Legislature, Senate Bill 402, by reason of such preceding amendment to said Article, Acts of 1934, 43rd Legislature, 4th Called Session, Chapter 10, containing the provision which places the delinquent date of current taxes unpaid, July first of the succeeding year. Such provision of the Acts of 1934, reads as follows:

"All ad valorem and poll taxes shall become delinquent if not paid by July first of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts. All delinquent taxes shall bear interest at the rate of six per cent (6%) per annum from the date of their delinquency."

As apparent from the whole purpose and plan of the Legislature, evidenced by the Act of 1923, 38th Legislature, Chapters 13 and 21, the performance of the duties of the tax collector as relate to the 5%, began with his preparing a list of the lands and lots on which the taxes for such preceding years are delinquent, charging against the same all taxes and penalties assessed against the owner thereof on the 31st day of March of each year for which the State and county taxes, for the preceding years, remained unpaid. Since none of the duties for which the five per cent compensation was allowed related to any taxes collected prior to the making up of this list, we think the Legislature had in mind such delinquent taxes as would appear therefrom. Such a construction, we are informed, was given to the Acts and subsequent amendments by the Comptroller's department. A study of all prior amendments to the statutes

Hon. Geo. H. Sheppard, Page 5

mentioned herein do not disclose any intent by the Legislature to allow this five per cent compensation merely for the collecting of delinquent taxes.

We do not find imposed upon the tax collector and incorporated in Senate Bill No. 402, any additional duties which would relate directly to the provisions contained in Article 7331, "for performing all duties relating to such taxes for which no compensation is otherwise provided," other than those incident to the regular performance of the duties of the tax assessor-collector in the collection of all taxes, including those allowed to become delinquent and paid prior to July first.

You are respectfully advised, therefore, that it is the opinion of this department that in cases under the provisions of Article 7336, Vernon's Annotated Civil Statutes, Section (b), where one half of the taxes are not paid during the month of October and November of the previous year, the tax assessor-collector is not authorized to retain or be allowed a five per cent commission specified in Article 7331 on delinquent real estate taxes paid prior to July first. The term "delinquent taxes" as meant in Article 7331 relates to those delinquent taxes appearing upon the list as provided in Section (e) in said Article 7336, required to be made by the tax assessor-collector.

Trusting the above answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

(s) J. R. King
Assistant

WMK:LM

APPROVED FEB 27, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN